*Attorney Grievance Commission v. Mark David Wemple*, Misc. Docket AG No. 69, September Term, 2020. Opinion by Hotten, J.

**ATTORNEY DISCIPLINE – SANCTIONS – DISBARMENT**

The Court of Appeals of Maryland disbarred Mark David Wemple ("Respondent") from the practice of law in Maryland. The Court found that Respondent violated Maryland Attorneys' Rules of Professional Conduct 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-303.1 (Meritorious Claims and Contentions), 19-303.3 (Candor Toward the Tribunal), 19-304.1 (Truthfulness in Statements to Others), 19-304.4 (Respect for Rights of Third Persons), 19-305.5 (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law), and 19-308.4 (Misconduct). These violations stemmed from the failure to provide adequate representation to several clients, the abuse of the legal process to intimidate an opposing party witness, and the making of knowingly false statements to the circuit court regarding an associate's unauthorized practice of law. Respondent provided incompetent representation by failing to communicate his appearance to a client until the day before trial, failing to advise a client of fee arrangements, and by repeatedly failing to appear at clients' hearings. Respondent abused the legal process by intentionally serving an unenforceable subpoena to coerce an opposing party witness to appear at a deposition and baselessly threatening to hold the opposing party witness in contempt for failing to answer questions. Respondent made knowingly false statements to the circuit court by intentionally misrepresenting that his associate, suspended from the practice of law in Maryland, was a specially admitted out-of-state attorney. Finally, Respondent submitted false evidence and statements during the disciplinary proceedings. In the aggregate, Respondent's conduct warranted disbarment.

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 69

September Term, 2020

———————————————————

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

MARK DAVID WEMPLE

———————————————————

*Getty, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
McDonald, Robert N. (Senior
Judge, Specially Assigned),

JJ.

———————————————————

Opinion by Hotten, J.

———————————————————

Filed: June 16, 2022

*Getty, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to Maryland Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

The Attorney Grievance Commission of Maryland, acting through Bar Counsel ("Petitioner") filed a Petition for Disciplinary or Remedial Action ("the Petition") against Mark David Wemple ("Respondent") with this Court pursuant to Md. Rule 19-721.[1] By order dated February 5, 2021, this Court designated the Honorable Christopher C. Fogleman ("hearing judge") of the Circuit Court for Montgomery County to consider the matter against Respondent and render findings of fact and conclusions of law.

Following a hearing on December 1, 2021, and upon consideration of the evidence presented, the hearing judge found, by clear and convincing evidence, that Respondent violated Maryland Attorneys' Rules of Professional Conduct ("MARPC") 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-303.1 (Meritorious Claims and Contentions), 19-303.3 (Candor Toward the Tribunal), 19-304.1 (Truthfulness in Statements to Others), 19-304.4 (Respect for Rights of Third Persons), 19-305.5 (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law), and 19-308.4 (Misconduct).

We agree with the conclusions reached by the hearing judge and, for the following reasons, we disbar Respondent from the practice of law in Maryland.

### FINDINGS OF FACT

We summarize the hearing judge's findings of fact that have been established by clear and convincing evidence. Respondent was admitted to the Maryland Bar on June 20,

---

[1] Maryland Rule 19-721(a)(1) provides: "Upon approval or direction of the Commission, Bar Counsel, on behalf of the Commission, shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2001.  At all times relevant hereto, Respondent worked as an independent contractor for DC Law Group, LLC ("the firm") in Montgomery County.  Respondent maintained a separate home office for the practice of law in Howard County.

## Representation of Sida Qiao

On October 19, 2018, Sida Qiao was charged in the District Court of Maryland, sitting in Montgomery County, with reckless driving and related traffic offenses.  Mr. Qiao met with Sandy Y. Chang, an attorney with the firm, and signed a retainer agreement.  Mr. Qiao was unaware that Ms. Chang was a suspended Maryland attorney.[2]  Mr. Qiao paid a $1,500 retainer to be billed against a $350 hourly rate for attorneys and $120 for legal assistants.

Respondent entered his appearance in Mr. Qiao's case on October 31, 2018.  Respondent had not spoken with Mr. Qiao, and the trial was scheduled for December 20, 2018.  The hearing judge found that the case was assigned to Respondent because Ms. Chang was suspended.  The hearing judge also found that Ms. Chang, with Respondent's knowledge and authorization, communicated with Mr. Qiao and provided him legal advice.

On December 19, 2018, someone at the firm advised Mr. Qiao for the first time that he needed to appear in court the following day.  Mr. Qiao also learned for the first time that Respondent would represent him.  The same day, Mr. Qiao texted Respondent that he

---

[2] Ms. Chang was admitted to practice law in Virginia, the District of Columbia, and Maryland.  The District of Columbia suspended Ms. Chang from the practice of law in 2014, and this Court suspended Ms. Chang for two years in a reciprocal matter.  *Attorney Grievance Comm'n v. Chang*, 440 Md. 409, 102 A.3d 1188 (2014) (suspending Ms. Chang for incompetence and failure to adequately supervise a non-attorney).  Ms. Chang remains suspended in Maryland and the District of Columbia.

2

expected neither to appear at trial, nor to be represented by someone other than Ms. Chang. Respondent replied, "Yes. Please show up tomorrow." Mr. Qiao appeared, but Respondent arrived late, and the District Court postponed the trial until January 24, 2019. Respondent requested and received another postponement until March 7, 2019 because of a scheduling conflict. Ms. Chang advised Mr. Qiao of the postponement. During the hearing on March 7, Mr. Qiao pleaded guilty to reckless driving and not guilty to the other charges. The District Court ordered Mr. Qiao to pay a fine and court costs.

On March 26, 2019, Mr. Qiao received an invoice from the firm for $3,736.50. Mr. Qiao was unaware that the firm's fee would exceed $1,500. Mr. Qiao wrote a letter to Ms. Chang and Respondent disputing the amount and asserting that Respondent and Ms. Chang provided conflicting information regarding the legal consequences of entering a guilty plea. In a subsequent communication with Ms. Chang, Mr. Qiao "admittedly lost his temper and cursed at Ms. Chang."

On May 3, 2019, Ms. Chang filed a Petition for Peace Order against Mr. Qiao in the District Court, claiming that he had threatened and harassed her. Following a hearing, the District Court entered a final peace order against Mr. Qiao, who appealed to the Circuit Court for Montgomery County on June 6, 2019. The parties appeared for a *de novo* trial. On July 17, 2019, Ms. Chang, *pro se*, and Respondent, on the firm's behalf, sued Mr. Qiao for unpaid legal fees and damages allegedly resulting from his harassment of Ms. Chang. The parties reached a settlement whereby Mr. Qiao agreed to pay $5,000 in full and final settlement of the firm's and Ms. Chang's claims of unpaid legal fees and harassment.

On August 18, 2019, Ms. Chang executed a release in connection with the settlement both individually and on behalf of the firm. On or about November 14, 2019, Ms. Chang, individually and on behalf of the firm, filed a Notice of Dismissal. The hearing judge did *not find* clear and convincing evidence that Ms. Chang engaged in the unauthorized practice of law by executing a release on her behalf and on behalf of the firm. The hearing judge was unpersuaded that the "mere presence in Respondent's file" of the dismissal notice signed by Ms. Chang was evidence of Respondent assisting Ms. Chang in the negotiation of a settlement. Therefore, the hearing judge found that Petitioner failed to prove by clear and convincing evidence that Respondent assisted Ms. Chang in the unauthorized practice of law by permitting her to negotiate a settlement and sign a release in an individual capacity and on behalf of the firm.

**Huaimin Long Representation**

In December 2017, Ms. Huaimin Long retained the firm in a divorce matter. On January 5, 2018, Respondent entered his appearance and filed an Answer to a complaint for absolute divorce filed by Ms. Long's then-husband Pien Sheng Mo in the Circuit Court for Montgomery County. The trial was postponed due to Respondent's illness. On June 26, 2019, Respondent filed a Motion for Special Admission of Out of State Attorney

requesting that Ms. Chang be specially admitted pursuant to Md. Rule 19-217.[3]

In the motion, Respondent knowingly and intentionally misrepresented that Ms. Chang was an out-of-state attorney and failed to mention that Ms. Chang was suspended from the practice of law in Maryland. The circuit court granted the motion and admitted Ms. Chang *pro hac vice*. Respondent and Ms. Chang served as co-counsel during trial. The circuit court granted the complaint for absolute divorce.

On June 6, 2018, Respondent filed a complaint, on Ms. Long's behalf, against Mr. Mo's daughter for fraud and unjust enrichment in connection with real property. That same day, Respondent filed a complaint alleging similar claims of fraud and unjust enrichment against Mr. Mo, Pei C. Hsieh, and Chin Yuan Hsieh. The circuit court granted the parties' motion to consolidate the two cases for trial on July 30, 2019.

On July 29, 2019, Respondent filed an Emergency Motion to Continue Trial and a Motion to Shorten Time. The motions were signed "Mark Wemple by Sandy Chang." The hearing judge found that Respondent authorized Ms. Chang to sign the motions on his behalf. The Emergency Motion stated that Respondent was in New York with his hospitalized mother and could not attend trial the next day. Counsel for Mr. Mo opposed

---

[3] Maryland Rule 19-217(a)(1) provides in pertinent part:

> A member of the Bar of this State who [] is an attorney of record in an action pending . . . may move that an attorney *who is a member in good standing of the Bar of another state* be admitted to practice in this State for the limited purpose of appearing and participating in the action as co-counsel with the movant.

(Emphasis added).

the motion and stated that Ms. Chang, as Respondent's associate, was adequately prepared to proceed with the case.

On July 30, 2019, Ms. Chang appeared in the circuit court with Respondent's knowledge and authorization to request a postponement. The circuit court contacted Respondent by telephone regarding his absence. The hearing judge found that Respondent knowingly and intentionally failed to inform the circuit court about Ms. Chang's suspension and unauthorized practice of law. The circuit court granted the postponement request and rescheduled trial for August 19, 2019.

On August 19, 2019, Respondent and Ms. Chang appeared before the circuit court regarding the fraud and unjust enrichment claim, and Respondent argued that Ms. Chang was permitted to appear because of her admission *pro hac vice* in the related divorce matter. Respondent stated that Ms. Chang was not a Maryland attorney and that "[the circuit court previously] ordered my partner to be in the [divorce] case." The hearing judge found that these statements were knowingly and intentionally false and misleading because the circuit court never ordered Ms. Chang's appearance and Ms. Chang was not Respondent's law partner. The hearing judge found that these knowingly false statements were made to conceal Respondent's assistance of Ms. Chang in the unauthorized practice of law.

The circuit court orally permitted Respondent to admit Ms. Chang *pro hac vice* and directed Respondent to formally file a written motion. In the motion, Respondent intentionally misrepresented that Ms. Chang was an "out-of-state attorney who is a member in good standing of the Bar of Virginia." Both Respondent and Ms. Chang served as co-

6

counsel in the fraud and unjust enrichment trial. At the close of the plaintiff's case, the circuit court granted opposing counsel's motion for judgment and dismissed the case.

**Sihan Gao Representation**

Sihan Gao constructed a fence between his property and that of his neighbor, Joanne Costes Fradkin. Ms. Fradkin complained to the Montgomery County Department of Permitting Services ("DPS") that Mr. Gao had not acquired a necessary permit. Mr. Gao applied for a retroactive permit, which DPS granted on June 11, 2018. Ms. Fradkin appealed the issuance of the permit to the Board of Appeals for Montgomery County.

Mr. Gao retained Respondent and the firm in the matter. On July 25, 2018, Charles L. Frederick, counsel for the County, moved to dismiss and for summary disposition. On July 27, 2018, Respondent improperly served Ms. Fradkin a subpoena to compel her appearance at a deposition at Respondent's office on August 14, 2018. The subpoena was improper because only the Board of Appeals, upon a showing of good cause, can order a deposition in a permit matter. The subpoena was further invalid because it was not accompanied by a notice of deposition, and it incorrectly identified Ms. Fradkin as the plaintiff and the State as the defendant. Respondent also failed to serve a copy on counsel for the County.

Ms. Fradkin appeared at Respondent's office on August 14, 2018 for the deposition. The hearing judge found that Respondent knowingly and intentionally falsely stated that Ms. Fradkin was obligated to answer questions or face a contempt charge, even though "Respondent, by his own admission, knew that the subpoena was invalid," and therefore,

Ms. Fradkin could not be held in contempt. Respondent later admitted the deposition was frivolous, unrelated to the appeal, and intended to intimidate Ms. Fradkin.

On September 5, 2018, the parties appeared before the Board of Appeals. Mr. Frederick appeared on behalf of the County, and Ms. Fradkin appeared *pro se*. Respondent did not appear due to an alleged conflict, so David Van Eyken, another attorney at the firm, appeared on behalf of Mr. Gao. Ms. Fradkin testified about the deposition, and Mr. Van Eyken acknowledged that the subpoena and deposition were improper. The Board of Appeals granted the motion to dismiss and admonished Mr. Van Eyken for the "totally inappropriate" procedure Respondent had utilized.

**Charles David Booker Representation**

On or about April 5, 2019, Charles David Booker was arrested and charged with attempted second-degree murder and related handgun offenses. The Office of the Public Defender paneled Mr. Booker's case to Respondent because of a conflict of interest. Respondent requested that someone from the Office of the Public Defender cover for his absence at a scheduling hearing on June 14, 2019. Allen E. Wolf, District Public Defender for Montgomery County, agreed and appeared at the scheduling hearing. A pretrial status hearing was scheduled for August 16, 2019, and trial for October 21, 2019.

Respondent failed to appear for the pretrial status hearing due to an alleged illness. Respondent advised neither his client nor the circuit court of his absence. The circuit court attempted to contact Respondent by telephone and email but did not receive a response. Mr. Wolf eventually appeared on Mr. Booker's behalf and requested a postponement, which the circuit court granted, and the hearing was postponed to August 22, 2019.

8

Respondent appeared at the August 22 hearing. On September 19, 2019, Mr. Booker pleaded guilty to first-degree assault as part of a plea agreement.

## Ahmad Smallwood Representation

On September 27, 2018, Ahmad Smallwood was indicted on charges of second-degree assault and fourth-degree sex offense. Ronald Gottlieb, an assistant public defender represented, Mr. Smallwood between September and December 2018. Mr. Gottlieb requested a panel attorney to take over representation due to his retirement. Respondent agreed and entered his appearance on December 17, 2018. Mr. Gottlieb wrote to Respondent to confirm, to which Respondent replied on the same day, "Yes, I am now in the case."

Mr. Smallwood entered a plea agreement with the State on December 21, 2018. According to the plea agreement, if Mr. Smallwood submitted to a sex offender evaluation and was determined to be "low risk to reoffend," the State would not oppose probation before judgment for the sex offense. The sentencing hearing was scheduled for March 4, 2019. Respondent failed to make any effort to coordinate the sex offender evaluation prior to the sentencing hearing, so the circuit court rescheduled the sentencing hearing for April 15, 2019, so the evaluation could be completed. Respondent failed to notify Mr. Smallwood of the rescheduling, and Mr. Smallwood and his family appeared for the March 4 sentencing. Respondent also failed to coordinate Mr. Smallwood's sex offender evaluation.

On April 15, 2019, Mr. Smallwood and the State appeared for sentencing, but Respondent failed to appear. Mr. Smallwood had attempted to contact Respondent but did

9

not receive a response. The hearing was postponed until June 13, 2019, and the circuit court emailed Respondent for an explanation for his failure to appear and his failure to arrange the sex offender evaluation. Respondent replied the next day and stated that he "had the wrong date on my calendar[, and] I'm currently arranging the evaluation for Mr. Smallwood." Respondent coordinated the sex offender evaluation and represented Mr. Smallwood at the sentencing hearing on June 13, 2019.

### Disciplinary Proceedings

Petitioner filed a Petition for Disciplinary or Remedial Action against Respondent on February 2, 2021.[4] Respondent was served with original process, Petitioner's First Set of Interrogatories, and Petitioner's First Request for Production of Documents on April 9, 2021. After conferring with the parties, the hearing judge scheduled the hearing for December 1 & 2, 2021. On November 23, 2021, Respondent moved for a continuance, which was denied by this Court. On November 29, 2021, the hearing judge held a status conference, at which Respondent failed to appear. The next day, Respondent emailed the hearing judge and Bar Counsel:

> I've attached a Doctor's note from my Hospital stay at Carroll County. I have pneumonia, a chest infection, an [sic] sinus infection, mastoiditis and an active covid infection. I'm on a minimum of 7 days bed rest. As I'm unsure of a continuance I'm requesting at minimum to be held harmless as it's impossible for me to participate.

---

[4] While the hearing judge did not describe what prompted Bar Counsel's investigation or the extent thereof, the record contains complaints made against Respondent. Ms. Fradkin submitted a letter to Petitioner recounting her experience being improperly subpoenaed and deposed. Another letter on behalf of the circuit court, described several occurrences of Respondent's unexcused absences for hearings in addition to habitual tardiness.

Bar Counsel requested from Respondent treatment records of the hospital stay. Respondent provided the requested documentation, but the medical records did not indicate a "hospital stay," an order for bed rest, or any diagnosis apart from mastoiditis (an ear infection).

Respondent failed to appear for the hearing, held by Zoom for Government, on December 1, 2021. Petitioner entered several exhibits into evidence and called Mr. Qiao, Ms. Fradkin, Mr. Frederick, and Mr. Wolf as witnesses.

## THE HEARING JUDGE'S CONCLUSIONS OF LAW

The hearing judge found by clear and convincing evidence that Respondent violated MARPC 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-303.1 (Meritorious Claims and Contentions), 19-303.3 (Candor Toward the Tribunal), 19-304.1 (Truthfulness in Statements to Others), 19-304.4 (Respect for Rights of Third Persons), 19-305.5 (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law), and 19-308.4 (Misconduct).

## MARPC 19-301.1 (Competence)

MARPC 19-301.1 provides: "An attorney shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

The hearing judge found that Respondent violated MARPC 19-301.1 in the Qiao, Long, Booker, and Smallwood matters. Respondent provided incompetent representation to Mr. Qiao by failing to have any substantive communication prior to the first court appearance and by failing to advise Mr. Qiao of the fee arrangement.

11

The hearing judge also found that Respondent provided incompetent representation by failing to appear for trial on June 11, 2019 and July 30, 2019 for the Long matters, failing to appear for the pretrial status hearing on August 16, 2019 for the Booker matter, and failing to appear for sentencing on April 15, 2019 for the Smallwood matter.

## MARPC 19-301.3 (Diligence)

MARPC 19-301.3 provides: "An attorney shall act with reasonable diligence and promptness in representing a client." The hearing judge found that Respondent violated MARPC 19-301.3 in the Qiao, Long, Booker, and Smallwood matters for reasons stated with respect to MARPC 19-301.1, *supra*, and MARPC 19-301.4, *infra*.

## MARPC 19-301.4 (Communication)

MARPC 19-301.4 provides:

(a) An attorney shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in [MARPC] 19-301.0 (f) (1.0), is required by these Rules;

(2) keep the client reasonably informed about the status of the matter;

(3) promptly comply with reasonable requests for information; and

(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Attorneys' Rules of Professional Conduct or other law.

(b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

(Bold lettering removed).

12

The hearing judge concluded that Respondent failed to adequately communicate with his clients in violation of the rule. In Mr. Qiao's case, Respondent failed to communicate his appearance and to provide any substantive information regarding the case or the fee structure. In the Long, Booker, and Smallwood matters, Respondent failed to advise his clients that he would not appear for scheduled court dates. Respondent also failed to advise Mr. Smallwood that the March 4, 2019 sentencing was postponed.

**MARC 19-303.1 (Meritorious Claims and Contentions)**

MARPC 19-303.1 provides:

An attorney shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes, for example, a good faith argument for an extension, modification or reversal of existing law. An attorney may nevertheless so defend the proceeding as to require that every element of the moving party's case be established.

The hearing judge concluded that Respondent violated MARPC 19-303.1 by improperly deposing Ms. Fradkin in the Gao matter. Respondent knowingly and falsely advised Ms. Fradkin that she was deposed "under a court order[]" and could be held in contempt by failing to answer questions. Respondent admitted the deposition was frivolous and that Ms. Fradkin was not under a court order and could not be held in contempt.

**MARPC 19-303.3 (Candor Toward the Tribunal)**

MARPC 19-303.3 provides in pertinent part: "(a) An attorney shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]" (Bold lettering and spacing removed).

13

The hearing judge concluded that Respondent violated MARPC 19-303.3(a) in the Long matters by seeking Ms. Chang's special admission in the circuit court as an "out-of-state" attorney even though Ms. Chang was a suspended Maryland attorney. The hearing judge found that Respondent made intentional misrepresentations regarding Ms. Chang's status as a suspended Maryland attorney with the intent to deceive the circuit court.

**MARPC 19-304.1 (Truthfulness in Statements to Others)**

MARPC 19-304.1 provides in pertinent part: "(a) In the course of representing a client an attorney shall not knowingly: (1) make a false statement of material fact or law to a third person[.]" (Bold lettering and spacing removed).

The hearing judge concluded that Respondent violated this rule by knowingly and falsely stating that Ms. Fradkin was "under a court order[]" and could be held in contempt if she refused to answer deposition questions.

**MARPC 19-304.4 (Respect for Rights of Third Persons)**

MARPC 19-304.4(a) provides: "In representing a client, an attorney shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person." (Bold lettering removed).

The hearing judge concluded that Respondent violated this rule by serving an invalid subpoena on Ms. Fradkin and subjecting Ms. Fradkin to a deposition under the knowingly false pretense of a binding court order and the threat of contempt charges. The hearing judge also found that Respondent violated the rule by using these tactics to intimidate Ms. Fradkin.

14

**MARPC 19-305.5 (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law)**

MARPC 19-305.5 provides in pertinent part: "An attorney shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction *or assist another in doing so*." (Bold lettering removed and emphasis added).

The hearing judge concluded that Respondent violated this rule by assisting Ms. Chang in practicing law while her license was suspended and by misleading the circuit court into granting out-of-state practice privileges, *pro hac vice*, through knowingly false statements concerning Ms. Chang's status as a suspended Maryland attorney.

**MARPC 19-308.4. (Misconduct)**

MARPC 19-308.4 provides in pertinent part:

It is professional misconduct for an attorney to:

(a) violate or attempt to violate the Maryland Attorneys' Rule of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

\*\*\*

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice[.]

(Bold lettering removed).

The hearing judge concluded that Respondent violated MARPC 19-308.4(a) because he violated several other rules of professional conduct.

The hearing judge also concluded that Respondent violated MARPC 19-308.4(c) in the Long matter by falsely stating to the circuit court that Ms. Chang was an out-of-state attorney and concealing her suspended status.

The hearing judge further concluded that Respondent's conduct in all of the client matters violated MARPC 19-308.4(d) because of "repeated dishonest conduct, [] pattern of failing to appear in court[,] . . . delays in his clients' cases[, and] . . . intentionally dilatory tactics[.] . . ." (Citations omitted). "Taken as a whole," the hearing judge found that "Respondent's conduct in each of these matters brings the legal profession into disrepute and is therefore prejudicial to the administration of justice."

**Aggravating and Mitigating Factors**

We now address the conclusions of the hearing judge regarding the existence of aggravating and mitigating factors.

In *Attorney Grievance Comm'n v. Shuler*, 443 Md. 494, 117 A.3d 38 (2015), we articulated the following aggravating factors that should be considered in an attorney disciplinary proceeding:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the M[A]RPC; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court [ ]; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

16

*Id.* at 506–07, 117 A.3d at 46 (alterations in original omitted).  Petitioner has the burden of proving aggravating factors by clear and convincing evidence.  Md. Rule 19-727(c).

Petitioner alleged the existence of the following aggravating factors, as articulated by this Court in *Shuler*: (1) prior discipline; (2) dishonest or selfish motive; (3) pattern of misconduct; (4) multiple violations; (5) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rule or orders of the disciplinary agency; (6) submission of false evidence and false statements during the disciplinary proceeding; (7) refusal to acknowledge the wrongful nature of conduct; and (8) substantial experience in the practice of law.

The hearing judge found clear and convincing evidence to establish each of the alleged aggravating factors.  This Court previously reprimanded Respondent on June 13, 2017 for violating "Rules 1.4 [Communication] and 1.15(a) and (c) ([Safekeeping Property)] of the Maryland Lawyers' Rules of Professional Conduct."  Respondent exhibited a dishonest and selfish motive by assisting Ms. Chang in the unauthorized practice of law and knowingly and intentionally misrepresenting Ms. Chang's status as a suspended Maryland attorney to the circuit court.  The hearing judge observed a pattern of misconduct and multiple offenses from Respondent's repeated failure to appear in court on behalf of clients and repeated assistance of Ms. Chang in the unauthorized practice of law in the Qiao and Long matters.

The hearing judge found that Respondent engaged in the bad faith obstruction of the disciplinary proceedings by submitting false evidence and statements "during the disciplinary proceeding before [the hearing judge] in an effort to postpone the hearing."

17

The hearing judge noted that Respondent was not diagnosed with pneumonia, a sinus infection, a chest infection, or an active covid infection and was not placed on bed rest. Respondent refused to acknowledge the wrongful nature of his misconduct during discipline proceedings. Finally, the hearing judge found that Respondent had substantial experience in the practice of law based on his admission to the Maryland Bar in 2001.

This Court "always consider[s]" mitigating factors "in deciding a disposition in an Attorney Grievance case." *Attorney Grievance Comm'n v. Coppola*, 419 Md. 370, 401, 19 A.3d 431, 449 (2011). In *Attorney Grievance Comm'n v. Hodes*, this Court provided a list of possible mitigating factors:

> absence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.

441 Md. 136, 209, 105 A.3d 533, 576 (2014) (citation omitted). Respondent has the burden of proving mitigating factors by a preponderance of evidence. Md. Rule 19-727(c).

The hearing judge found that Respondent failed to demonstrate any mitigating factors by failing to participate in the hearing.

## STANDARD OF REVIEW

In proceedings involving attorney discipline, "this Court has original and complete jurisdiction and conducts an independent review of the record." *Attorney Grievance Comm'n v. Whitehead*, 405 Md. 240, 253, 950 A.2d 798, 806 (2008). "In our review of

18

the record, the hearing judge's findings of fact generally will be accepted unless they are clearly erroneous." *Id.*, 950 A.2d at 806. "The Court may confine its review to the findings of fact challenged by the exceptions. The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses." Md. Rule 19-740(b)(2)(B). This Court shall not disturb the hearing judge's findings "where 'there is any competent evidence to support the' finding of fact." *Attorney Grievance Comm'n v. Smith-Scott*, 469 Md. 281, 332, 230 A.3d 30, 60 (2020) (quoting *Attorney Grievance Comm'n v. Donnelly*, 458 Md. 237, 276, 182 A.3d 743 (2018)).

We assess the hearing judge's legal conclusions under a *de novo* standard of review. *Attorney Grievance Comm'n v. Moody*, 457 Md. 90, 110, 175 A.3d 811, 823 (2017); Md. Rule 19-740(b)(1) ("The Court of Appeals shall review [*de novo*] the circuit court judge's conclusions of law."). "If the hearing judge's factual findings are not clearly erroneous and the conclusions drawn from them are supported by the facts found, exceptions to conclusions of law will be overruled." *Attorney Grievance Comm'n v. Tanko*, 408 Md. 404, 419, 969 A.2d 1010, 1019 (2009). We have "the ultimate authority to decide whether a lawyer has violated the professional rules." *Attorney Grievance Comm'n v. Harrington*, 367 Md. 36, 49, 785 A.2d 1260, 1267 (2001) (internal citations and quotation marks omitted).

## DISCUSSION

### Exceptions

Maryland Rule 19-728(b) provides in pertinent part that "each party may (1) file exceptions to the findings and conclusions of the hearing judge, (2) recommendations

19

concerning the appropriate disposition under [Md.] Rule 19-740 (c), and (3) a statement of costs to which the party may be entitled under [Md.] Rule 19-709."

Petitioner filed no exceptions. Respondent filed a "Statement" with the circuit court on January 20, 2022, nine days after the circuit court entered its Findings of Fact and Conclusions of Law. The Statement purported to refute several of the factual allegations made by Petitioner, including Respondent's position at the firm, control of the firm's finances and personnel decisions, and incidents of alleged incompetent representation. On February 8, 2022, Respondent filed a document entitled, "Exceptions to Court's Ruling" asking that this Court "accept this [document] and the previously filed Statement as Notice of Exceptions and partial basis for the Exceptions." Respondent further requested that this Court find a timely submission of Notice of Exceptions and find that Respondent was not in violation of MARPC.

The evidence contained in the Statement was not presented to the hearing judge. We decline to consider the Statement because the facts and evidence contained therein were not included in the record. *Attorney Grievance Comm'n v. O'Neill*, 477 Md. 632, 648 n.12, 271 A.3d 792, 802 n.12 (2022).

When reviewing exceptions, we ordinarily "confine [our] review to the findings of fact challenged by the exceptions." Md. Rule 19-740(b)(2)(B). The "Notice of Exceptions" did not challenge any particular findings of fact, but urged this Court to incorporate the Statement by reference as the basis for the exceptions. When an attorney fails to present evidence in the record indicating that the findings of fact were clearly erroneous, we will not credit an attorney's exceptions. *Attorney Grievance Comm'n v.*

20

*Robbins*, 463 Md. 411, 445, 205 A.3d 1034, 1053 (2019).  Respondent's exceptions entirely relied upon evidence not included in the record; therefore, we overrule Respondent's exceptions.

Assuming *arguendo* that the Statement contained admissible evidence and could be incorporated by reference, it failed to challenge any particular findings of fact.  The Statement was submitted as evidence "to aid the [hearing judge] in [] ruling on the matter." A statement purporting to aid the hearing judge in making findings of fact may not retroactively, and *verbatim*, serve as the basis for exceptions to the hearing judge's findings of fact, because an exception must present an argument for why a finding of fact was clear error.  *Attorney Grievance Comm'n v. Barneys*, 370 Md. 566, 577, 805 A.2d 1040, 1046 (2002).  Neither the Statement, nor the "Exceptions to Court's Ruling" provide any indication or argument in support of factual error by the hearing judge.  *Attorney Grievance Comm'n v. Ugwuonye*, 405 Md. 351, 369, 952 A.2d 226, 236 (2008) ("Failure to present argument in support of an exception is a sufficient basis on which to overrule the exception or, at least, not consider it.") (quotation omitted).

The hearing judge's findings of fact were supported by testimony and exhibits submitted at the hearing.  *Attorney Grievance Comm'n v. McDonald*, 437 Md. 1, 16, 85 A.3d 117, 125 (2014) ("A hearing judge's factual finding is not clearly erroneous '[i]f there is any competent material evidence to support [it]'") (citation omitted); *see also* Md. Rule 19-740(b)(2)(B) ("The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses.").  Assuming *arguendo* that we considered the merits

21

of the Statement, we conclude that the hearing judge's findings were supported by clear and convincing evidence.

**Conclusions of Law**

Based on our independent review of the record, we affirm the hearing judge's legal conclusions that Respondent violated MARPC 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-303.1 (Meritorious Claims and Contentions), 19-303.3 (Candor Toward the Tribunal), 19-304.1 (Truthfulness in Statements to Others), 19-304.4 (Respect for Rights of Third Persons), 19-305.5 (Unauthorized Practice of Law; Multi-Jurisdictional Practice of Law), and 19-308.4 (Misconduct).

Competence, diligence, and communication constitute the "basic standards" of attorney professional conduct. *Attorney Grievance Comm'n v. Riely*, 471 Md. 458, 494, 242 A.3d 206, 227 (2020). "Conduct that violates one of these three rules almost inevitably violates the others." *Id.*, 242 A.3d at 227; *see also Attorney Grievance Comm'n v. Leatherman*, 475 Md. 80, 105, 256 A.3d 810, 824 (2021) (concluding that lack of care in answering or propounding discovery or responding to communications from clients, opposing counsel, and Bar Counsel violated MARPC 19-301.1, 19-301.3, and 19-301.4).

An attorney may violate MARPC 19-301.1, the duty to "apply the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation," by failing to adequately communicate with a client with respect to matters pertinent to representation. *Riely*, 471 Md. at 494, 242 A.3d at 227. In *Robbins*, 463 Md. at 451, 205 A.3d at 1057, we found that the attorney acted incompetently by failing to advise the client of an increased billing rate without the knowledge or informed consent of the client. Similar to the lack of

22

communication by the attorney in *Robbins*, Respondent violated MARPC 19-301.1 by failing to advise Mr. Qiao of either his initial appearance or the fee structure. Respondent also violated MARPC 19-301.1 by failing to appear for hearings in the Long, Booker, and Smallwood matters. *Attorney Grievance Comm'n v. Shakir*, 427 Md. 197, 205, 46 A.3d 1162, 1167 (2012) (citing *Attorney Grievance Comm'n v. Harris*, 366 Md. 376, 403, 784 A.2d 516, 531 (2001) ("[A] failure to appear at a client's hearing is a complete failure of representation[]")).

Respondent violated MARPC 19-301.3, the duty to pursue client matters with diligence "despite . . . personal inconvenience[,]" by failing to adequately communicate with clients and by failing to appear at client hearings. An attorney fails to exhibit diligence by providing inadequate or untimely communications to a client. *Leatherman*, 475 Md. at 105, 256 A.3d at 824. Respondent failed to communicate with Mr. Qiao until the day before trial and unnecessarily caused conflict over legal fees by failing to advise Mr. Qiao of the cost of representation. Respondent also failed to demonstrate diligence by communicating his absences to clients, opposing parties, and the circuit court. As the circuit court explained in a letter to Petitioner:

> No one . . . would hold an attorney's medical problems against him or her[.] . . . What is concerning has been [Respondent's] failure to notify the court of his whereabouts, requiring the court to chase him down to find out the reason for his non-attendance . . . which is sometimes attributed to his vertigo, but not always. He is not a sole practitioner, and there are others in his office who could appear for him to explain his absence in a timely fashion.

We agree with the sentiment expressed by the circuit court. The duty of diligence obligates an attorney to promptly notify affected parties of an absence. Respondent

23

contends that his clients' interests were not substantively affected by his absences, "however, unreasonable delay can cause a client needless anxiety and undermine confidence in the attorney's trustworthiness." MARPC 19-301.3 cmt. [3].

Respondent's unexcused absences at client hearings constitute an even more serious violation of MARPC 19-301.3. In *Shakir*, this Court found that a repeated failure to appear at client hearings violated the professional responsibility of diligence. 427 Md. at 205, 46 A.3d at 1167. Like the attorney in *Shakir*, Respondent violated MARPC 19-301.3 by repeatedly failing to appear for client hearings. Unexcused absences put needless strain on the resources of the judiciary and undermines confidence in the legal profession.

Respondent's failure to adequately communicate with his clients violated MARPC 19-301.4, which obligates attorneys to promptly and reasonably inform clients about matters pertinent to representation. In *Attorney Grievance Comm'n v. Kwarteng*, 411 Md. 652, 658, 984 A.2d 865, 869 (2009), this Court concluded that an attorney violated MARPC 19-301.4 "by failing to communicate with [his client] and keep him informed of the status of his legal matters[.] . . ." Respondent failed to inform Mr. Qiao that he had not entered his appearance until the day of trial and failed to advise Mr. Qiao of the structure of legal fees for the representation. Respondent also failed to advise Ms. Long, Mr. Booker, and Mr. Smallwood that he would not appear for scheduled court dates. Respondent further failed to advise Mr. Smallwood that sentencing would be postponed and that he needed to schedule a sex offender evaluation.

Respondent consistently failed to meet basic standards of representation by failing to adequately communicate with clients and by failing to appear for client hearings. We conclude that Respondent violated MARPC 19-301.1, 19-301.3, and 19-301.4.

In addition to failing to meet basic standards, Respondent exhibited a lack of good faith, candor, and honesty towards opposing parties, the circuit court, and other third persons. MARPC 19-303.1 imposes a duty to use legal procedure in good faith and "not to abuse legal procedure." MARPC 19-303.1 cmt. [1]. In *Attorney Grievance Comm'n v. Mixter*, this Court concluded that the attorney violated MARPC 19-303.1 by attempting to enforce invalid subpoenas against opposing parties. 441 Md. 416, 511, 109 A.3d 1, 59 (2015). Similar to the attorney in *Mixter*, who abused the legal process by attempting to enforce invalid subpoenas, Respondent improperly deposed Ms. Fradkin and falsely stated that she was "under a court order[]" and could be held in contempt for refusing to answer questions. Respondent knew that the subpoena was neither valid nor enforceable. Respondent did not use legal procedure in good faith; therefore, Respondent violated MARPC 19-303.1.

Respondent similarly failed to exhibit candor and honesty towards the circuit court in violation of MARPC 19-303.3. An attorney has a special duty as an officer of the court "to avoid conduct that undermines the integrity of the adjudicative process." MARPC 19-303.3 cmt. [2]. "[A]n attorney must be candid at all times with a tribunal or inquiry board." *Attorney Grievance Comm'n v. Ambe*, 466 Md. 270, 295, 218 A.3d 757, 771 (2019). "Accordingly, a lawyer violates MARPC 19-303.3(a)(1) when he or she knowingly provides a court with false information." *Id.*, 218 A.3d at 771 (citation omitted).

25

In the Long matter, Respondent knowingly provided the circuit court with false information with respect to Ms. Chang's suspension from the practice of law in Maryland. Respondent moved for Special Admission of Out of State Attorney and "intentionally omitted, with the intent to deceive, the fact that Ms. Chang was suspended[.] . . ." Respondent again intentionally misrepresented that Ms. Chang was not a Maryland attorney in response to questions from the circuit court. Respondent's lack of candor and honesty in misrepresenting Ms. Chang's status as a suspended Maryland attorney violated MARPC 19-303.3.

Respondent failed to exhibit candor and honesty when communicating with others as required by MARPC 19-304.1. "An attorney is required to be truthful when dealing with others on a client's behalf[.] . . ." MARPC 19-304.1 cmt. [1]. In *Mixter*, this Court found that the attorney violated this rule for "stating . . . to witnesses that they could be held in contempt of court or subject to other sanctions for failing to appear at deposition where the witnesses were never properly served with a valid subpoena[.] . . ." *Id.* at 473, 109 A.3d at 36. Similar to *Mixter*, Respondent intentionally and repeatedly misrepresented to Ms. Fradkin that she was "under a court order[]" and threatened to have her held in contempt if she refused to answer his questions.

Respondent's abusive tactics against Ms. Fradkin also violated MARPC 19-304.4— respect for the rights of third persons. In *Mixter*, this Court found that the attorney abused his authority as an officer of the court by using discovery tactics for "no substantial purpose other than to embarrass, delay or burden the witnesses and/or opposing party." *Id.* at 473, 109 A.3d at 36. Respondent deposed Ms. Fradkin with a knowingly unenforceable

26

subpoena and knowingly false threat of contempt "to burden and intimidate Ms. Fradkin so that she would not interfere with Mr. Gao's property in the future." An attorney may not disregard the rights of third persons in the course of zealous advocacy of a client. MARPC 19-304.4 cmt. [1]. We conclude that Respondent violated MARPC 19-304.1 and 19-304.4.

MARPC 19-305.5 expressly prohibits assisting another attorney that has been suspended from the practice of law in providing legal services on a temporary basis. Respondent knew Ms. Chang had been suspended from the practice of law, but permitted Ms. Chang to communicate with Mr. Qiao after Respondent entered his appearance in the case. Respondent also permitted Ms. Chang to hold herself out as a Maryland attorney to Mr. Qiao, opposing counsel, and the court. Respondent also violated the rule for seeking special admission as an out-of-state attorney despite knowing her suspension from the practice of law. Respondent's efforts to specially admit Ms. Chang as an out-of-state attorney in Maryland, despite Ms. Chang's suspension from practicing law in Maryland, violated MARPC 19-305.5.

The hearing judge concluded that Respondent did not assist Ms. Chang in the unauthorized practice of law in negotiating a settlement, signing a release, and signing and filing a dismissal notice on the firm's behalf. Upon independent review, we agree with the hearing judge and conclude that there was not clear and convincing evidence to establish that Respondent permitted Ms. Chang to negotiate a settlement individually, and on the firm's behalf. "This Court determines what constitutes the 'practice of law.'" *Attorney Grievance Comm'n v. Jackson*, 477 Md. 174, 200, 269 A.3d 252, 267–68 (2022) (footnote

27

omitted). The "focus of the inquiry should be on whether the activity in question required legal knowledge and skill in order to apply legal principles and precedent. The unauthorized practice of law includes utilizing legal education, training, and experience to apply the special analysis of the profession to a client's problem." *Id.* at 201, 269 A.3d at 268 (quoting *Attorney Grievance Comm'n v. Maldonado*, 463 Md. 11, 43, 203 A.3d 841, 861 (2019)).

In *Jackson*, this Court determined that the performance of administrative functions related to the operation of the law firm did not constitute the unauthorized practice of law because these tasks pertained to business and financial matters. The preparation of settlement sheets did not involve the practice of law because basic bookkeeping functions do not involve legal advice or analysis and "are routinely performed by non-lawyers in office management positions." *Id.* at 202, 269 A.3d at 269. On the other hand, "[d]rafting pleadings, *engaging in negotiations*, conducting research, and preparing for hearings are actions routinely taken by lawyers in the practice of law." *Attorney Grievance Comm'n v. Zhang*, 440 Md. 128, 167, 100 A.3d 1112, 1134 (2014) (emphasis added). In *Zhang*, this Court found that participation in "settlement negotiations" constituted the practice of law. *Id.*, 100 A.3d at 1134.

In the case at bar, the record indicates that Ms. Chang was permitted to sign a release and dismissal notice individually, and on behalf of the firm. The preparation and execution of these forms did not constitute the practice of law, because like the administrative tasks performed in *Jackson*, signing legal forms did not require specialized legal knowledge, skill or education. Petitioner contended that Ms. Chang was also permitted to *negotiate*

28

the settlement, but the only indications of Ms. Chang's involvement in the settlement negotiations present in the record are her signatures on the final settlement documents. We agree with the hearing judge that the record does not establish that Ms. Chang was substantively involved with negotiating the merits of the settlement.

Respondent's misconduct in the course of client representation and proceedings before the hearing judge violated MARPC 19-308.4. We agree with the hearing judge that Respondent violated MARPC 19-308.4(a) by violating other rules of professional conduct. *Attorney Grievance Comm'n v. Framm*, 449 Md. 620, 664, 144 A.3d 827, 853 (2016) ("We have held that, when an attorney violates a rule of professional conduct, the attorney also violates [MARPC 19-308.4(a)].") (internal quote omitted).

Respondent violated MARPC 19-308.4(c) by repeated acts of dishonest conduct. In *Attorney Grievance Comm'n v. Maignan*, 423 Md. 191, 201, 31 A.3d 467, 473 (2011), this Court concluded that the attorney's failure to reveal his suspension from the practice of law to a client was deceitful conduct in violation of MARPC 19-308.4(c). Similar to the attorney's failure to divulge his suspension in *Maignan*, Respondent intentionally misrepresented to the circuit court that Ms. Chang could practice law as an out-of-state attorney, when, in fact, Ms. Chang was suspended from the practice of law in Maryland. Respondent's dishonesty risked "serious interference with the administration of justice" in plain violation of MARPC 19-308.4(c). MARPC 19-308.4 cmt. [2].

We also agree with the hearing judge that Respondent violated MARPC 19-308.4(d) "based upon his conduct in all six matters." "Conduct which is likely to impair public confidence in the profession, impact the image of the legal profession and engender

29

disrespect for the court is conduct prejudicial to the administration of justice." *Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717, 93 A.3d 262, 274 (2014). Respondent repeatedly failed to appear in court on behalf of his clients, which degrades the perception of the profession as competent and zealous advocates. Respondent unnecessarily delayed and jeopardized his clients' cases, while burdening the courts and opposing parties. The use of "intentionally dilatory tactics" against Ms. Fradkin, including an unenforceable subpoena and false threat of contempt charges, impugns the integrity of the profession and the public's perception of the profession as a whole.

## SANCTION

"In determining an appropriate sanction, 'we are motivated by our obligation to protect members of the public from attorneys who have demonstrated that they are unfit for the practice of law.'" *Attorney Grievance Comm'n v. Frank*, 470 Md. 699, 741, 236 A.3d 603, 629 (2020) (quoting *Attorney Grievance Comm'n v. Kaufman*, 466 Md. 404, 428, 220 A.3d 316, 330 (2019)); *see also Attorney Grievance Comm'n v. Zuckerman*, 386 Md. 341, 375, 872 A.2d 693, 713 (2005) (noting that a sanction seeks to "protect the public, to deter other lawyers from engaging in violations of the Maryland Rules of Professional Conduct, and to maintain the integrity of the legal profession") (citation omitted). "[T]he appropriate sanction for [] violation[s] of the [MARPC] depends on the facts and circumstances of each case, including consideration of any mitigating factors [and aggravating factors]." *Zuckerman*, 386 Md. at 375, 872 A.2d at 713 (citations omitted). "[W]e impose a sanction that is commensurate with the nature and gravity of the violations

30

and the intent with which they were committed." *Id.*, 872 A.2d at 713 (internal citations and quotation marks omitted).

Petitioner recommends disbarment. In *Attorney Grievance Commission v. Buehler*, this Court disbarred an attorney for misrepresentations to the court, failure to appear at scheduled hearings, pursuit of meritless proceedings, and failure to notify Bar Counsel of disciplinary proceedings against him in another jurisdiction. 441 Md. 237, 246, 107 A.3d 1152, 1158 (2014); *see also Attorney Grievance Comm'n v. Phillips*, 451 Md. 653, 155 A.3d 476 (2017) (disbarring an attorney who assisted his son in the unauthorized practice of law, obstructed the disciplinary process, and made repeated false statements to Bar Counsel); *Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 418, 773 A.2d 463, 488 (2001) ("[I]ntentional dishonest conduct is closely entwined with the most important matters of basic character to such a degree as to make intentional dishonest conduct by a lawyer almost beyond excuse.").

Petitioner observes that, similar to the misrepresentations and intentional dishonesty found by this Court in *Buehler*, the hearing judge found that Respondent engaged in misconduct in connection with five client matters, missed scheduled hearings, repeatedly assisted a suspended Maryland attorney in the unauthorized practice of law, and made multiple knowingly false statements to a third person and the court. Petitioner asserts that intentional dishonesty and misconduct coupled with eight aggravating factors warrants disbarment.[5]

---

[5] Petitioner noted during oral argument that Respondent's multiple intentional misrepresentations to the court and third parties, use of abusive tactics, and failure to appear

Respondent filed an exception with the circuit court that requested this Court to "accept this and the previously filed Statement as Notice of Exceptions and partial basis for the Exceptions." In the Statement, Respondent provided that "[i]f found in violation of 1 or more Rules of Professional Conduct, impose the least restrictive punishment this Court deems appropriate[.]" Respondent did not appear at oral argument before this Court to supplement the recommended sanction.

We agree with Petitioner that the nature and circumstances of Respondent's conduct closely resembles that of other attorneys who have been disbarred for intentional dishonest conduct toward the tribunal, third parties, and opposing counsel. This Court stated in *Mixter* that when an attorney "engage[s] in intentional dishonest conduct . . . the bar is set especially high, and disbarment will be the appropriate sanction." *Mixter*, 441 Md. at 535, 109 A.3d at 73 (quoting *Attorney Grievance Comm'n v. Steinberg*, 395 Md. 337, 375, 910 A.2d 429, 451 (2006)). "Candor and truthfulness are two of the most important moral character traits of a lawyer." *Attorney Grievance Comm'n v. Myers,* 333 Md. 440, 449, 635 A.2d 1315, 1319 (1994) (the proper sanction when an attorney "exhibited an absence

---

in court warranted disbarment under the reasoning of *Buehler* and *Phillips*, and not exclusively on the basis of intentional dishonesty established in *Vanderlinde* and as reexamined by this Court's recent decision in *Attorney Grievance Commission v. Collins*, 477 Md. 482, 270 A.3d 917 (2022).

We agree with Petitioner that the intentional dishonesty towards the circuit court and third parties, in addition to abuses of the legal process, and incompetence in representation provides sufficient basis to disbar Respondent. Unlike the line of cases identified in *Collins*, in which the attorney was not disbarred despite intentional misconduct because the attorney did not benefit or profit from the misconduct, Respondent deliberately engaged in dishonest conduct with the circuit court and third parties for self-benefit.

of [candor and truthfulness] on not one, but two, occasions[]" was disbarment). "When a lawyer lies to a tribunal, he or she violates a norm that warrants disbarment." *Buehler*, 441 Md. at 246, 107 A.3d at 1158 (quoting *Attorney Grievance Comm'n v. Fader*, 431 Md. 395, 438, 66 A.3d 18, 43 (2013)).

Respondent violated the duty of candor toward a tribunal by intentionally concealing from the circuit court that Ms. Chang was suspended from the practice of law in Maryland and therefore ineligible to be specially admitted as an out-of-state attorney. The misrepresentation circumvented the rules of professional responsibility and a binding order from this Court that Ms. Chang may not practice law in Maryland while suspended. Respondent further exhibited intentionally dishonest conduct by misrepresenting to Ms. Fradkin that she must appear and answer questions at deposition, even though the putative subpoena was unenforceable. These aggressive tactics far overstep the boundary of zealous advocacy and erode the public's faith in the profession as one comprised of honest, scrupulous officers of the court.

Respondent's intentional misconduct was compounded by a pattern of incompetent representation. Respondent failed to appear at his clients' hearings, causing unnecessary delay and expense for all parties. Respondent failed, at a minimum, to notify any of the parties of his inability to appear. When facing disciplinary proceedings, Respondent attempted to excuse his absence with an explanation of poor health, but this excuse was not supported by medical records. Respondent failed to establish any mitigating or extenuating circumstances for his pattern of incompetent representation.

33

In determining our sanction, we also sustain the findings of eight aggravating factors by the hearing judge. This Court had previously reprimanded Respondent for failure to adequately communicate with clients and safekeep client funds. Respondent's intentional dishonesty and pattern of misconduct reflected a selfish motive to circumvent rules of professional responsibility and to facilitate Ms. Chang's representation of clients in Maryland, despite her suspension. Respondent failed to fully and honestly communicate with the hearing judge and Bar Counsel. The hearing judge also found that Respondent engaged in bad faith obstruction of the disciplinary proceedings by "submitting false evidence and making false statements . . . in an effort to postpone the hearing." Respondent also failed to appear at oral arguments before this Court.

Respondent never acknowledged the wrongful nature of his misconduct; rather, Respondent belatedly attempted to excuse his conduct with assertions of illness without proper documentation or support. Finally, Respondent was admitted to the Maryland Bar almost two decades before the events in question occurred. Even the most inexperienced attorney is expected to communicate honestly and promptly with the court, client, third parties, and opposing parties.

## CONCLUSION

For the preceding reasons, Respondent's conduct warrants the ultimate sanction of disbarment.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709 (d), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MARK DAVID WEMPLE.**