*Attorney Grievance Commission of Maryland v. William Francis Trezevant*, AG No. 12, September Term, 2022, Opinion by Booth, J.

**ATTORNEY DISCIPLINE – SANCTIONS – INDEFINITE SUSPENSION**

Respondent William Francis Trezevant violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC") 1.16(a) (Declining or Terminating Representation), 3.3(a) (Candor to the Tribunal), 4.1(a) (Truthfulness in Statements to Others), 5.5(a) (Unauthorized Practice of Law; Multi-jurisdictional Practice of Law), 8.1(a) (Bar Admission and Disciplinary Matters), and 8.4(a)–(d) (Misconduct).

Mr. Trezevant, an attorney who lives in Washington, D.C., is not admitted to the Maryland Bar. Beginning in March 2021, Mr. Trezevant represented his great-niece in her child's custody case in the Circuit Court for Baltimore County. Mr. Trezevant did not inform the attorney that he replaced that he was not barred in Maryland. Mr. Trezevant appeared at a hearing without advising the court that he was not licensed to practice law in Maryland, and without seeking admission *pro hac vice*. In subsequent communications with opposing counsel and in a later circuit court proceeding, Mr. Trezevant knowingly and intentionally claimed, falsely, that he had orally moved for admission *pro hac vice* at the prior hearing, and that his motion had been granted. He then falsely told Bar Counsel that he had never practiced law in Maryland and that he had made his role clear to the court in the child custody case.

The Supreme Court of Maryland concluded that an indefinite suspension with the right to petition for reinstatement in 90 days was the appropriate sanction.

Circuit Court for Baltimore County
Case No.: C-03-CV-22-003427
Oral Argument waived/submitted on papers

IN THE SUPREME COURT
OF MARYLAND

AG No. 12

September Term, 2022

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

WILLIAM FRANCIS TREZEVANT

Fader, C.J.,
Watts,
Hotten,
Booth,
Biran,
Gould,
Eaves,

JJ.

Opinion by Booth, J.

Filed: July 7, 2023

\* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022.

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Gregory Hilton, Clerk

The Attorney Grievance Commission of Maryland ("the Commission"), acting through Bar Counsel, filed a Petition for Disciplinary or Remedial Action ("the Petition") against Respondent, William Francis Trezevant, an attorney not licensed to practice law in Maryland, alleging that he represented his great-niece in child custody hearings in the Circuit Court for Baltimore County without moving for admission *pro hac vice*, and that he knowingly and intentionally misrepresented his admission status on multiple occasions. The Commission asserted that Mr. Trezevant violated the Maryland Attorneys' Rules of Professional Conduct ("MARPC")[1] 1.16(a) (Declining or Terminating Representation), 3.3(a) (Candor to the Tribunal), 4.1(a) (Truthfulness in Statements to Others), 5.5(a) (Unauthorized Practice of Law; Multi-jurisdictional Practice of Law), 8.1(a) (Bar Admission and Disciplinary Matters), and 8.4(a)–(d) (Misconduct).[2]

The hearing judge assigned to this matter found by clear and convincing evidence that Mr. Trezevant committed all of the violations alleged by the Commission. The hearing judge also found the presence of six aggravating factors and one mitigating factor. Bar Counsel recommends a sanction of indefinite suspension with the right to petition for reinstatement in 90 days. Mr. Trezevant never answered the Petition, did not appear at the

---

[1] Effective July 1, 2016, the Maryland Lawyers' Rules of Professional Conduct, which employed the numbering format of the American Bar Association Model Rules, were renamed the MARPC and recodified without substantive modification in Title 19, Chapter 300 of the Maryland Rules. For ease of reference and comparison with our prior opinions and those of other courts, we will refer to the MARPC rules using the numbering of the model rules, as permitted by Rule 19-300.1(22).

[2] The Petition also charged Mr. Trezevant with violating Rules 1.1 (Competence) and 3.4 (Fairness to Opposing Party and Attorney), but those charges were withdrawn.

evidentiary hearing, did not file exceptions to the hearing judge's Findings of Fact and Conclusions of Law, and waived oral argument before this Court. After considering the matter on the papers, for the reasons stated below, we treat the hearing judge's findings of fact as established, concur with the hearing judge's conclusions of law, and impose a sanction of indefinite suspension with the right to petition for reinstatement in 90 days.

# I

## Procedural Background

The Commission filed the Petition on August 10, 2022. Mr. Trezevant was served with the Petition in September and with interrogatories and a request for production of documents in October. He did not file an answer and did not respond to Bar Counsel's discovery requests. Bar Counsel moved for an order of default, which the hearing judge granted. Mr. Trezevant did not move to vacate the order of default.

An evidentiary hearing was held on December 9, 2022. Mr. Trezevant did not appear. The hearing judge deemed the allegations in the Petition admitted pursuant to Maryland Rules 2-613(f) and 19-727(a) and admitted into evidence Bar Counsel's Exhibits 1–35. Those exhibits included, among other things, the transcripts for two remote hearings attended by Mr. Trezevant in connection with a custody case pending in the Circuit Court for Baltimore County, and communications between Mr. Trezevant and his great-niece's prior attorney, opposing counsel, and Bar Counsel. The hearing judge considered the evidence admitted at the hearing and issued Findings of Fact and Conclusions of Law. Neither party filed exceptions.

2

Where no exceptions have been filed, this Court may accept the hearing judge's findings of fact as established. Maryland Rule 19-740(b)(2)(A). We choose to do so here. Accordingly, we treat as established the following facts, which the hearing judge found to be proved by clear and convincing evidence.

## II

## Findings of Fact

This case centers on Mr. Trezevant's unauthorized representation of his great-niece, C.A., in her child's custody case in Baltimore County and his communications to Bar Counsel regarding that representation. Mr. Trezevant is an attorney who lives in Washington, D.C. He is not a member of the Maryland Bar. He was admitted to the New York Bar in 1994 and the Washington, D.C. Bar in 1996. At the time of the hearing, his D.C. bar license was administratively suspended for non-payment of bar dues.

*Representation of C.A.*

C.A., then fourteen-years old, gave birth to D.S. on October 1, 2019. In January 2020, the Baltimore County Department of Social Services ("the Department") filed a child in need of assistance ("CINA") petition on behalf of D.S. in the Circuit Court for Baltimore County. The Department asserted that neither C.A.'s family members nor the family members of D.S.'s father were suitable resources "due to ongoing family conflict and violence." The same day the Department filed its petition, the Office of the Public Defender appointed a panel attorney, Shannon Stern, to represent C.A. The next day, the circuit court placed D.S. in the Department's custody, and the Department placed the baby in foster care.

3

Over the course of the next year, C.A. sought to regain custody of D.S. However, after an October 2020 emergency hearing, a November 2020 review hearing, and various meetings with the Department related to those proceedings, a magistrate recommended that D.S. remain in the Department's custody and, in January 2021, a circuit court judge adopted that recommendation. In March 2021, the circuit court scheduled a hearing for April 1, 2021 to craft a permanent placement plan for D.S. Around that time, C.A.'s mother asked Mr. Trezevant "to intervene on behalf of C.A." in D.S.'s CINA case. On or about March 1, C.A. informed her panel attorney, Ms. Stern, that she had retained Mr. Trezevant.

On or about March 2, Ms. Stern called Mr. Trezevant to confirm that he now represented C.A. The hearing judge found that, during the conversation, Mr. Trezevant "did not disclose that he was not a Maryland attorney or that he was related to C.A." The same day, Ms. Stern sent Mr. Trezevant her case files and moved to strike her appearance in D.S.'s CINA case. The circuit court entered an order stating that the motion to strike "would be granted when C.A.'s new attorney entered an appearance in the case."

Mr. Trezevant appeared on behalf of C.A. at the remote April 1 permanency planning review hearing before Magistrate Dilip Paliath. The hearing judge found that Mr. Trezevant "had not sought special admission as an out of state attorney in the case or filed any entry of appearance" and "failed to advise Magistrate Paliath that he was not admitted to practice law in Maryland." Mr. Trezevant advocated for adopting a plan to ultimately place D.S. with C.A. at C.A.'s mother's home, rather than a plan that called for reunification with either parent. Magistrate Paliath adopted the plan proposed by the

4

Department to reunify D.S. with either parent pending further information and efforts by the parents to establish a home consistent with D.S.'s welfare.

Later that month, Mr. Trezevant traded emails with two county employees. On April 14, a social worker at the Department, Sabrina Jackson, emailed Mr. Trezevant to ask if C.A. intended to attend a virtual visit with D.S. that afternoon. In his response, Mr. Trezevant twice referred to C.A. as his client and demanded that Ms. Jackson call him immediately to arrange a visitation schedule. Ms. Jackson then requested that Mr. Trezevant contact Assistant County Attorney Deborah Hermann, who represented the Department. After he did so, Ms. Hermann "asked if [Mr. Trezevant's] appearance was entered in the case and advised that she could not speak with [him] unless his appearance was entered." The hearing judge found that Mr. Trezevant falsely replied that he "filed an oral appearance at the last hearing" and was "received and accepted by the [magistrate], on the record."[3] He also offered to file a written appearance. Ms. Hermann asked Mr. Trezevant to do so and to confirm that he was licensed to practice law in Maryland. In response, Mr. Trezevant accused Ms. Hermann of using an "administrative" issue to avoid the merits of the case and also asserted that he was "not worried about [his] standing[,]" reiterating that the circuit court had already "approved [his] standing and [his] appearance."

After being alerted to Mr. Trezevant's apparent unauthorized practice of law by Ms. Hermann, Judge Sherrie R. Bailey held a remote hearing on May 3 regarding Mr.

---

[3] Based upon our review of the record, it is clear that Mr. Trezevant's references to the "judge" in the April proceeding are references to Magistrate Dilip Paliath. To avoid confusion, we substitute the word "magistrate" for "judge" where appropriate.

Trezevant's representation of C.A. At that hearing, in response to questioning by Judge Bailey, Mr. Trezevant admitted that he was not licensed to practice law in Maryland. When Judge Bailey questioned Mr. Trezevant about the fact that he had not filed a written notice of appearance and had not moved to appear *pro hac vice*, he stated to Judge Bailey that "I thought that the last appearance that I made, I made the oral motion for my appearance. I thought the [magistrate] granted that but I can certainly cure that with a written letter." And he stated, "I filed that, I thought orally, with the [magistrate], your colleague, pro hac vice. And the [magistrate] granted that, I thought, at the time." The hearing judge found that these statements were "knowingly false and intended to deceive the Court regarding [Mr. Trezevant's] unauthorized practice of law." The hearing judge determined Mr. Trezevant "intentionally concealed" from Magistrate Paliath "that he was not authorized to practice law in Maryland and misrepresented by omission that he was licensed to practice law in Maryland." At the conclusion of the hearing, Judge Bailey vacated the previous order that conditionally struck the appearance of C.A.'s panel attorney, Ms. Stern.

*Bar Counsel Investigation*

That same month, Bar Counsel initiated an investigation in response to a complaint submitted by Judge Bailey. In a May 19 letter, Bar Counsel asked Mr. Trezevant to respond to Judge Bailey's allegations. Mr. Trezevant replied and asserted that he had not practiced law in Maryland at all. He stated that he "ha[d] not engage[d] in the Practice of Law in the state of Maryland[,]" "appeared in the hearings making clear [his] role[,]" and "never held forth, sought, advertised, or represented [him]self as an attorney barred in Maryland." The hearing judge found that these statements were "knowingly false."

6

# III

## Violations of the Rules of Professional Conduct

Based upon the record and the above-summarized findings of fact, the hearing judge concluded, by clear and convincing evidence, that Mr. Trezevant violated MARPC 1.16(a) (Declining or Terminating Representation), 3.3(a) (Candor to the Tribunal), 4.1(a) (Truthfulness in Statements to Others), 5.5(a) (Unauthorized Practice of Law; Multi-jurisdictional Practice of Law), 8.1(a) (Bar Admission and Disciplinary Matters), and 8.4(a)–(d) (Misconduct). We review the hearing judge's conclusions of law without deference, *see* Rule 19-740(b)(1), and independently determine whether Bar Counsel established a violation of the rules by clear and convincing evidence, *Attorney Grievance Comm'n v. Silbiger*, 478 Md. 607, 617, 624 (2022). Based upon our independent review of these conclusions, we agree that the Commission established by clear and convincing evidence that Mr. Trezevant violated each of these rules. We begin with the central violation, Rule 5.5(a).

*Unauthorized Practice of Law (Rule 5.5(a))*

Under Rule 5.5(a), "[a]n attorney shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction[.]" In other words, "[a]n attorney may practice law only in a jurisdiction in which the attorney is authorized to practice." MARPC 5.5, Comment 1. However, "[a]n attorney admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis" in Maryland in certain circumstances, including where the services "are in or reasonably related to a pending or potential

7

proceeding before a tribunal in this or another jurisdiction, if the attorney . . . is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized[.]" MARPC 5.5(c)(2). A tribunal may authorize temporary admission "pursuant to formal rules governing admission pro hac vice or pursuant to informal practice of the tribunal[.]" MARPC 5.5, Comment 9; *see also* Md. Rule 19-217 (describing formal rules for admission *pro hac vice*); Md. Code, Bus. Occup. & Prof. Article ("BOP") § 10-215 (incorporating the same).

We agree with the hearing judge's conclusion that Mr. Trezevant violated Rule 5.5(a). Although it is impossible to "craft an all-encompassing definition" for the practice of law, *Attorney Grievance Comm'n v. Jackson*, 477 Md. 174, 200–01, 200 n.11 (2022) (cleaned up), there can be little doubt that an attorney does so where an attorney agrees to provide legal representation to a client, and then appears in court and communicates with opposing counsel and advocates on the client's behalf. Making arguments on behalf of a client in open court requires legal knowledge and skill and is the quintessential practice of law. *Cf. Attorney Grievance Comm'n v. Zhang*, 440 Md. 128, 167 (2014) (concluding that "preparing for hearings [is an] action[] routinely taken by lawyers in the practice of law"). Mr. Trezevant, who is not admitted to practice in Maryland, did just that. He agreed to represent C.A. in her child's CINA case. In fulfilling that role, he coordinated with C.A.'s prior attorney and negotiated with the Department on C.A.'s behalf. Most importantly, he attended a permanency planning review hearing before the Circuit Court for Baltimore County in the CINA case. During the hearing, he argued in favor of reuniting C.A. with her child. He did not take steps to obtain court

8

authorization to appear in the custody case, as required by Rule 5.5(c), before, during, or after the April hearing. Mr. Trezevant practiced law without authorization in Maryland.

*Declining Representation (Rule 1.16(a))*

Rule 1.16(a) states that "an attorney shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the [MARPC] or other law[.]" The hearing judge found that Mr. Trezevant violated Rule 1.16(a)(1) because Rule 5.5(a), as discussed above, and BOP § 10-601, discussed *infra*, barred him from representing C.A. without authorization from the court. Nevertheless, he represented C.A. in the CINA case by coordinating with her prior attorney to take on the case and appearing at the April hearing without making any effort to gain admission *pro hac vice*. For the same reasons that we conclude that Mr. Trezevant violated Rules 5.5(a) and BOP § 10-601, we conclude that he violated Rule 1.16(a)(1).

*Candor to the Tribunal (Rule 3.3(a))*

Rule 3.3(a) provides that "an attorney shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the attorney[.]" Rule 3.3 commands that "'[a]n attorney must be candid at all times with a tribunal or inquiry board.'" *Attorney Grievance Comm'n v. Wemple*, 479 Md. 167, 196 (2022) (quoting *Attorney Grievance Comm'n v. Ambe*, 466 Md. 270, 295 (2019)). This duty applies just as forcefully to omissions of material facts as it does to false assertions of fact. *See Wemple*, 479 Md. at 197 (omitting fact that attorney's bar license was suspended); *Attorney Grievance Comm'n v. Kane*, 465

9

Md. 667, 717 (2019) (omitting existence of another proceeding); MARPC 3.3, Comment 3 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."). We agree with the hearing judge's conclusion that Mr. Trezevant twice violated Rule 3.3(a)(1). First, "he appeared at the April 1[ ] hearing on behalf of C.A. and intentionally omitted, with the intent to deceive, the fact that he was not licensed to practice law in Maryland." Second, he appeared at the May 3 hearing and "knowingly and intentionally misrepresented to Judge Bailey that Magistrate Paliath granted his oral motion to appear *pro hac vice* during the April 1[ ] hearing." As should be clear by now, Mr. Trezevant was not admitted to the Maryland Bar and was not specially admitted during the April hearing.

*Truthfulness in Statements to Others (Rule 4.1(a))*

Rule 4.1(a) states that "[i]n the course of representing a client an attorney shall not knowingly: (1) make a false statement of material fact or law to a third person[.]" As in Rule 3.3, "[m]isrepresentations can [] occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements." MARPC 4.1, Comment 1; *see also Zhang*, 440 Md. at 166 (same). We agree with the hearing judge's conclusion that Mr. Trezevant twice violated Rule 4.1(a)(1). First, he communicated with C.A.'s prior attorney, Ms. Stern; the social worker, Ms. Jackson; and the Assistant County Attorney, Ms. Hermann, and "misrepresented by omission the fact that he was not licensed to practice law in Maryland." Second, he knowingly and intentionally misrepresented to Ms. Hermann, in two separate emails, that he had been "received and accepted" by the magistrate, who had "approved [his] standing" at the April 1 hearing, and that his motion

10

for admission was granted. All these representations were misleading and the equivalent of affirmative false statements.

*General Misconduct (Rule 8.4(a)–(d))*

Rule 8.4(a) provides that an attorney commits professional misconduct if the attorney "violate[s] or attempt[s] to violate the [MARPC], knowingly assist[s] or induce[s] another to do so, or do[es] so through the acts of another." As a result of Mr. Trezevant's violations of other disciplinary rules, the hearing judge found, and we agree, that he violated Rule 8.4(a).

Under Rule 8.4(b), it is professional misconduct for an attorney to "commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects[.]" An attorney may be disciplined for criminal conduct for which he is neither charged nor convicted if Bar Counsel proves by clear and convincing evidence that (1) the attorney committed a crime, and (2) the criminal act reflects adversely on his honesty, trustworthiness, or fitness as an attorney. *Silbiger*, 478 Md. at 629; *Attorney Grievance Comm'n v. Yates*, 467 Md. 287, 301 (2020); *Attorney Grievance Comm'n v. Collins*, 477 Md. 482, 508 (2022).

We agree with the hearing judge's conclusion that Mr. Trezevant violated Rule 8.4(b) because Bar Counsel proved that he violated BOP § 10-601(a), which states that "[e]xcept as otherwise provided by law, a person may not practice, attempt to practice, or offer to practice law in the State unless admitted to the Bar." "A person who violates BOP § 10-601 is guilty of a misdemeanor and on conviction is subject to a fine not exceeding \$5,000 or imprisonment not exceeding 1 year or both." BOP § 10-606(a)(3).

11

We have previously determined that a violation of Rule 5.5 "supports the conclusion, by clear and convincing evidence, that [an attorney] also violated the unauthorized practice provisions of the Business Occupations and Professions Article[,]" which includes § 10-601(a). *Attorney Grievance Comm'n v. Gerace*, 433 Md. 632, 645–46 (2013) (citation omitted). In addition, the "unauthorized practice of law is unquestionably a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness" and violates Rule 8.4(b). *Id.* at 646 (cleaned up). For the same reasons that we conclude that Mr. Trezevant violated Rule 5.5, we conclude that he violated BOP § 10-601(a) and Rule 8.4(b).

Under Rule 8.4(c), it is professional misconduct to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]" The hearing judge concluded that the misrepresentations made by Mr. Trezevant that violated Rules 3.3(a)(1) and 4.1(a)(1), discussed above, also violated Rule 8.4(c). The hearing judge also concluded that the misrepresentations made by Mr. Trezevant to Bar Counsel that form the basis for a violation of Rule 8.1(a), discussed *infra*, constitute a violation of Rule 8.4(c). For the same reasons that we conclude that Mr. Trezevant violated Rules 3.3(a)(1), 4.1(a)(1), and 8.1(a), we conclude that he violated Rule 8.4(c).

Under Rule 8.4(d), it is professional misconduct to "engage in conduct that is prejudicial to the administration of justice[.]" We have held that both practicing law without authorization and making misrepresentations to Bar Counsel violate Rule 8.4(d). *Attorney Grievance Comm'n v. Hecht*, 459 Md. 133, 154–55 (2018). As already discussed, Mr. Trezevant did both. We therefore conclude that he violated Rule 8.4(d).

*Impeding Bar Counsel's Investigation (Rule 8.1(a))*

Rule 8.1(a) states that "[a]n applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not: (a) knowingly make a false statement of material fact[.]" We agree with the hearing judge's conclusion that Mr. Trezevant violated Rule 8.1(a) when he "knowingly and intentionally misrepresented to Bar Counsel" that he: (1) "did not engage in the practice of law in the State of Maryland"; (2) "made his 'role clear' when he appeared at the hearings on C.A.'s behalf"; and (3) "never 'held forth, sought, advertised, or represented [himself] as an attorney barred in Maryland.'"

## IV

## Sanction

"When selecting a sanction in an attorney discipline case, we do so keeping in mind that our goal is to protect the public and deter future misconduct rather than to punish the attorney." *Attorney Grievance Comm'n v. Davenport*, 472 Md. 20, 35 (2021) (citation omitted). "The sanction should be 'commensurate with the nature and gravity of the violations and the intent with which they were committed.'" *Jackson*, 477 Md. at 215 (quoting *Attorney Grievance Comm'n v. Stein*, 373 Md. 531, 537 (2003)). To determine the appropriate sanction, we consider the facts of the particular case, as well as the presence of any aggravating and mitigating factors. *Attorney Grievance Comm'n v. Bonner*, 477 Md. 576, 607 (2022).

*Aggravating Factors*

Aggravating factors "militate in favor of a more severe sanction." *Attorney Grievance Comm'n v. Miller*, 467 Md. 176, 233 (2020) (cleaned up). Consulting Standard 9.22 of the American Bar Association ("ABA") Standards for Imposing Sanctions, we have recognized a broad set of potential aggravating factors. *See, e.g.*, *Bonner,* 477 Md. at 608 and n.16 (listing the recognized aggravating factors). In this case, the hearing judge found that Bar Counsel had proven the existence of six aggravating factors: (1) a dishonest motive; (2) a pattern of misconduct; (3) multiple offenses; (4) bad faith obstruction of the disciplinary proceeding; (5) refusal to acknowledge the wrongful nature of one's conduct; and (6) substantial experience in the practice of law.

We conclude that there is clear and convincing evidence in the record to support the hearing judge's findings on all six factors. Mr. Trezevant's dishonest motive was demonstrated by his intentional concealment of his inability to practice law in Maryland and misrepresentation that he had been allowed to appear in C.A.'s case by the magistrate at the April hearing. He engaged in a pattern of misconduct by practicing law without authorization and making numerous misrepresentations about that fact to, among others, the court, opposing counsel, and Bar Counsel. He committed multiple offenses for the reasons provided above. His misrepresentations to Bar Counsel amounted to bad faith obstruction of this disciplinary proceeding. Mr. Trezevant has not acknowledged the wrongful nature of his conduct, let alone participated in this proceeding. Lastly, Mr. Trezevant is an experienced attorney, having first been admitted to the New York Bar nearly thirty years ago.

14

*Mitigating Factors*

Mitigating factors militate in favor of a less severe sanction. We look to ABA Standard 9.32 for guidance on potential mitigating factors. *Bonner*, 477 Md. at 609 & n.17 (listing the recognized mitigating factors). Mr. Trezevant did not participate in the evidentiary hearing in this matter, and therefore did not present any evidence concerning mitigating factors. Bar Counsel represented to the hearing judge that Mr. Trezevant had no prior disciplinary complaints. Based upon Bar Counsel's representation, the hearing judge found the presence of one mitigating factor: the absence of a prior disciplinary record. We agree with the hearing judge's finding.

*Indefinite Suspension Is the Appropriate Sanction*

Bar Counsel recommends that Mr. Trezevant be indefinitely suspended from the practice of law in Maryland with the right to petition for reinstatement in 90 days. In support of that sanction, Bar Counsel directs us to cases involving instances of the unauthorized practice of law: *Attorney Grievance Commission v. Hunt*, 447 Md. 275 (2016); *Attorney Grievance Commission v. Harris-Smith*, 356 Md. 72 (1999); and *Attorney Grievance Commission v. Barneys*, 370 Md. 566 (2002).

In *Hunt*, this Court analyzed the spectrum of cases involving the unauthorized practice of law and imposed a 60-day suspension for an out-of-state attorney who represented a defendant *pro bono* in a criminal case in the District Court and then made a false statement to Bar Counsel claiming that he had been admitted *pro hac vice* to the Maryland Bar. 447 Md. at 289–96. We stated that the attorney's limited, albeit deliberate and willful appearance in the District Court warranted a 60-day suspension. *Id.* at 294–96.

In reaching the sanction, we analyzed cases ranging from a 30-day suspension to disbarment. *Id.* at 289–94. The low end was *Harris-Smith*, where we imposed a 30-day suspension on an attorney who engaged in the unauthorized practice of law but did not represent clients in court and made some effort to conduct her practice within the jurisdictional limits associated with her admission to the United States District Court for the District of Maryland. 356 Md. at 74–78, 92. The high end was *Barneys*, where we disbarred a non-Maryland attorney who established a law office in Maryland and represented multiple clients in state court. 370 Md. at 571–74, 589–92.

Bar Counsel asserts, and we agree, that Mr. Trezevant's conduct is more egregious than the misconduct in *Harris-Smith* and *Hunt*. In addition to his improper representation of C.A. in the circuit court and subsequent misrepresentations to Bar Counsel, Mr. Trezevant made misrepresentations by omission and intentional misrepresentations to the court, opposing counsel, and Bar Counsel on multiple occasions. Nevertheless, Mr. Trezevant's conduct is less egregious than that in *Barneys*, where the attorney established an office in Maryland, represented multiple clients in state court, and engaged in repeated dishonest and deceitful conduct.

Knowing where Mr. Trezevant's conduct falls on the spectrum of unauthorized-practice cases, we find it helpful to turn for additional guidance to our dishonest-conduct cases, in which we have held that dishonesty and knowingly false statements are assessed on an individual basis and a sanction less than disbarment may be imposed "where the dishonest conduct does not involve theft, fraud, harm to a client or third party, or the intentional misappropriation of funds." *Collins*, 477 Md. at 530. Bar Counsel points us to

16

*Attorney Grievance Commission v. Mooney*, where we indefinitely suspended an attorney, with the right to petition for reinstatement after 90 days, who, in addition to incompetently handling several client matters, made knowing misrepresentations to his client's mother with the intent to mislead her and the client regarding the action he had taken in the case. 359 Md. 56, 85–86, 87–88 (2000).

With *Harris-Smith*, *Hunt*, and *Mooney* in mind, we conclude that Mr. Trezevant's unauthorized practice of law, misrepresentations to the court, opposing counsel, and Bar Counsel, together with the presence of the aggravating factors described above, warrant an indefinite suspension with the right to petition for reinstatement after 90 days.

> **IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, PURSUANT TO MARYLAND RULE 19-709, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST WILLIAM FRANCIS TREZEVANT.**