*Attorney Grievance Commission of Maryland v. Judith Marie Hamilton*, AG No. 32, September Term, 2024. Opinion by Killough, J.

**ATTORNEY MISCONDUCT – DISCIPLINE – DISBARMENT –** Respondent Judith Marie Hamilton violated Maryland Attorneys' Rules of Professional Conduct 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5(a) (Fees), 19-301.15(c) (Safekeeping of property), 19-301.16(d) (Declining or terminating representation), 19-308.1(b) (Bar admission and disciplinary matters), and 19-308.4(a) and (d) (Misconduct). These violations arose from Respondent's representation of a client in his divorce proceedings and from Respondent's lack of cooperation in Bar Counsel's subsequent investigation into her conduct.

The Supreme Court of Maryland ordered that Respondent be disbarred.

Circuit Court for Baltimore County
Case No.: C-03-CV-25-000067
Argued: Oral Argument waived

IN THE SUPREME COURT

OF MARYLAND

AG No. 32

September Term, 2024

_____

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND

v.

JUDITH MARIE HAMILTON

_____

Fader, C.J.,
Watts,
Booth,
Biran,
Gould,
Eaves,
Killough,

JJ.

_____

Opinion by Killough, J.

_____

Filed: January 27, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

This matter arises from Respondent Judith Marie Hamilton's misconduct in her representation of Brian Foster during his divorce proceedings and from her lack of cooperation with Bar Counsel's resulting investigation. On December 17, 2024, the Attorney Grievance Commission of Maryland ("Commission"), acting through Bar Counsel (hereinafter referred to as "Petitioner"), filed a Petition for Disciplinary or Remedial Action against Respondent in the Supreme Court of Maryland. Petitioner alleged that Respondent violated Maryland Attorneys' Rules of Professional Conduct ("MARPC") 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5(a) (Fees), 19-301.15(c) (Safekeeping of property), 19-301.16(d) (Declining or terminating representation), 19-308.1(b) (Bar admission and disciplinary matters), and 19-308.4(a) and (d) (Misconduct).[1] On January 3, 2025, the Supreme Court of Maryland referred this matter to the Honorable Garret P. Glennon, Jr. ("Hearing Judge") of the Circuit Court for Baltimore County to make findings of fact and conclusions of law.

Pursuant to the Order for Alternative Service dated February 25, 2025, and the Order dated April 1, 2025, Petitioner served the Petition on Respondent via mail, certified mail, and email on April 2, 2025. Respondent failed to answer within the required time. On April 28, 2025, the circuit court entered an Order of Default. Respondent did not move to vacate the Order of Default. On June 25, 2025, Petitioner moved for default judgment and sanctions. On June 30, 2025, the circuit court held a hearing in this matter at which

---

[1] In this opinion, for ease of reference, we use the numbering format of the American Bar Association Model Rules – e.g., Rule 1.1, in lieu of Rule 19-301.1. *See* Md. Rule 19-300.1(22).

Respondent did not appear. On July 3, 2025, the court granted the default judgment against Respondent. On July 14, 2025, a hearing was held in this matter before the Hearing Judge at which Respondent did not appear. During the hearing, the court granted Petitioner's motion to admit the averments in the Petition for Disciplinary or Remedial Action. On August 28, 2025, the Hearing Judge issued findings of fact and conclusions of law.

The Hearing Judge found, by clear and convincing evidence, that Respondent violated the following Maryland Attorneys' Rules of Professional Conduct: 1.1, 1.3, 1.4, 1.5(a), 1.15(c), 1.16(d), 8.1(b), and 8.4(a) and (d). The Hearing Judge also found the presence of six aggravating factors and no mitigating factors. No exceptions were filed, and Petitioner recommends that Respondent be disbarred.

On October 15, 2025, the Clerk's Office of the Supreme Court of Maryland sent to Respondent and Petitioner a notice advising the parties that oral argument in this matter was scheduled for November 3, 2025, that Respondent was to notify the Clerk's Office no later than October 20, 2025, whether she intended to appear for oral argument, and that, if Respondent did not send in a notice of intention to appear, she would be deemed to have waived oral argument. The notice further provided that, in the event Respondent affirmatively waived oral argument or was deemed to have waived oral argument, Bar Counsel was to notify the Clerk's Office by October 21, 2025, whether Petitioner also waived oral argument. Respondent did not send in a notice of intention to appear, and on October 21, 2025, Petitioner sent a letter to the Clerk's Office advising that its position was that Respondent waived oral argument by not providing notice and that Bar Counsel would appear for oral argument unless otherwise directed by this Court. On October 24, 2025,

2

the Clerk's Office sent a letter to the parties advising that Respondent was deemed to have waived oral argument and that the matter was removed from the November 3, 2025, oral argument schedule.   As such, no oral argument was held in this matter.

In this case, Respondent wholly failed to participate in the disciplinary process.  She did not respond to the Petition, did not file exceptions to the Hearing Judge's findings and conclusions, did not submit opposition memoranda to this Court, and waived oral argument.  Where, as here, no exceptions are filed, this Court may accept the hearing judge's factual findings as established.  Md. Rule 19-740(b)(2)(A).  We exercise that discretion in this case.  Accordingly, we treat as established the following facts, which the Hearing Judge found to have been proved by clear and convincing evidence.

## I.

### HEARING JUDGE'S FINDINGS OF FACT

We summarize below the Hearing Judge's findings of fact.

Respondent was admitted to the Maryland Bar on December 12, 1995.  During the period relevant to this matter, Respondent maintained an office for the practice of law in Baltimore County, Maryland.

### A.

### *Brian Foster Divorce Proceedings*

In April 2023, Brian Foster retained Respondent to represent him in divorce proceedings. On April 26, Respondent endorsed and deposited a $3,000 check from Mr. Foster into an account that was not her Interest on Lawyers' Trust Account ("IOLTA").[2]

On May 1, Respondent entered an appearance in Mr. Foster's case and filed an Answer to the Counter-Complaint for Absolute Divorce on his behalf in the Circuit Court for Baltimore County. The court rejected Respondent's entry of appearance for failure to comply with Maryland Rule 20-203(c) but accepted the Answer. On June 5, Respondent spoke with opposing counsel both before and after the initial scheduling conference. However, from July 2023 until September 2023, Respondent never responded to opposing counsel's many attempts to contact her via telephone, email, and U.S. mail.

On August 29, opposing counsel filed a Motion to Extend the Deadline for Discovery and to Compel Discovery from Mr. Foster. In her Motion, opposing counsel mentioned how her attempts to secure Respondent's consent to the Motion to Extend Discovery had gone unanswered. On September 5, Mr. Foster informed opposing counsel that Respondent had not communicated with him since June 5, 2023. On September 20, the court granted opposing counsel's motion.

---

[2] An IOLTA is a type of client trust account "payable to the Maryland Legal Services Corporation Fund under Code, Business Occupations and Professions Article, § 10-303." Md. Rule 19-402(h).

Also in September 2023, Mr. Foster terminated Respondent's services via email and requested a refund of the fee he had previously paid her. On September 7, Respondent responded to Mr. Foster's email from a new email account. In her email, she asked Mr. Foster to send her additional documents and provided no explanation regarding her long absence from his case. Four days later, David Mahood, Esq., entered an appearance on behalf of Mr. Foster. Respondent did not complete further work on Mr. Foster's divorce proceedings, and as of the hearing in this matter, she had not refunded him any portion of his $3,000 payment.

### B.

### *Commission's Investigation*

On September 1, 2023, opposing counsel filed a complaint against Respondent with Petitioner. Mr. Foster did the same roughly two weeks later. On October 2, Bar Counsel wrote Respondent with a copy of both complaints enclosed and requested a written response via email. On October 31, Bar Counsel once again requested a response to the October 2 letter. Bar Counsel sent this request via email and certified mail to the respective addresses Respondent maintained with the Client Protection Fund. On December 11, Bar Counsel received a response from the United States Postal Service ("USPS") stating that the letter was undeliverable.

On February 28, 2024, Bar Counsel docketed the case for investigation. Bar Counsel sent this docket notice to Respondent via email and certified mail. Bar Counsel once again received notice from USPS that the mailing was undeliverable. However, Bar Counsel did not receive a notification that the email correspondence was undelivered.

5

On April 2, Bar Counsel's investigator attempted to contact Respondent through multiple avenues. Bar Counsel sent six messages to email accounts listed for Respondent, attempted to call Respondent on nine different phone numbers associated with Respondent's TransUnion Locator Services profile, and reached out to Respondent's previous employer, who provided the investigator with an email address he had already messaged. Respondent's previous employer explained that Respondent was hired in the late fall or early winter of 2023 and was "let go" at the end of February 2024. Bar Counsel's investigator also visited Respondent's personal residence, which the investigator discovered had been vacant for six months. As of the hearing on this matter, Respondent has failed to respond to any of Bar Counsel's attempts to contact her.

## II.

### HEARING JUDGE'S CONCLUSIONS OF LAW

The Hearing Judge concluded that Respondent violated MARPC 1.1, 1.3, 1.4, 1.5(a), 1.15(c), 1.16(d), 8.1(b), and 8.4(a) and (d). As noted above, neither Petitioner nor Respondent filed any exceptions. We review the Hearing Judge's conclusions of law de novo and independently determine whether Bar Counsel established by clear and convincing evidence the alleged rules violations. Md. Rule 19-740(b)(1)–(2); *Attorney Grievance Comm'n v. Trezevant*, 484 Md. 34, 47 (2023). Based on our independent review of the record, we agree with the Hearing Judge's legal conclusions that Respondent violated MARPC 1.1, 1.3, 1.4, 1.5(a), 1.15(c), 1.16(d), 8.1(b), and 8.4(a) and (d).

## III.

### RULE VIOLATIONS

### *Rule 1.1 –Competence*

Rule 1.1 provides:

> An attorney shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

"Incompetent representation occurs when an attorney fails to take necessary, fundamental steps in a client's case." *Attorney Grievance Comm'n v. Ambe*, 466 Md. 270, 288 (2019) (citation omitted). Here, Respondent filed a deficient Notice of Representation and never rectified it. After attending an initial scheduling conference and corresponding a few times with opposing counsel, Respondent was unresponsive from July 2023 until September 2023. During that time, Respondent never responded to Mr. Foster's and opposing counsel's attempts to contact her. Respondent failed to adequately represent Mr. Foster during the discovery process and abandoned her client with no notice. And, when Respondent finally responded to Mr. Foster's email terminating her services and requesting a refund, she neither acknowledged the termination nor provided any explanation for her four-month long absence, nor refunded him any of the payment he made to her. Respondent's conduct in Mr. Foster's divorce proceedings constitutes a violation of Rule 1.1 (Competence).

### *Rule 1.3 – Diligence*

Rule 1.3 provides:

An attorney shall act with reasonable diligence and promptness in representing a client.

This Court has noted that "an attorney's failure to take fundamental steps in furthering a client's matter qualifies as neglect and inattentiveness to a client's interest" and is a violation of Rule 1.3. *Attorney Grievance Comm'n v. Garrett*, 427 Md. 209, 223 (2012) (citation omitted). By failing to amend her deficient Notice of Representation, respond to inquiries from her client and opposing counsel, fulfill her discovery obligations, and provide notice and explanation of her inability to represent Mr. Foster in his divorce case, Respondent violated Rule 1.3 (Diligence).

### *Rule 1.4 – Communication*

Rule 1.4 provides:

> (a) An attorney shall:
> - (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 19-301.0(g) (1.0), is required by these Rules;
> - (2) keep the client reasonably informed about the status of the matter;
> - (3) promptly comply with reasonable requests for information; and
> - (4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Attorneys' Rules of Professional Conduct or other law.
>
> (b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Respondent's absence during a substantial portion of Mr. Foster's divorce proceedings constitutes a violation of Rule 1.4. After attending an initial scheduling

hearing on June 5, 2023, Respondent was totally unresponsive for four months. She failed to respond to both her client's and opposing counsel's attempts to contact her during this time. When she responded to Mr. Foster's email terminating her services and requesting a refund in September 2023, she provided no explanation as to her four-month absence from the case and gave no account of how she intended to rectify the consequences of this absence. Respondent's actions do not meet the standards of communication required by Rule 1.4.

### *Rule 1.5 – Fees*

Rule 1.5(a) provides:

> (a) An attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;
>> (3) the fee customarily charged in the locality for similar legal services;
>> (4) the amount involved and the results obtained;
>> (5) the time limitations imposed by the client or by the circumstances;
>> (6) the nature and length of the professional relationship with the client;
>> (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and
>> (8) whether the fee is fixed or contingent.

This Court has recognized that, "[w]hen an attorney charges a fee but does no work, the fee is *per se* unreasonable. It is irrelevant that the fee is 'initially reasonable' if the

attorney fails to perform any of the services for which the attorney was paid." *Attorney Grievance Comm'n v. Gage-Cohen*, 440 Md. 191, 198–99 (2014) (internal citations omitted). Here, Respondent did not represent Mr. Foster in any substantial capacity during his divorce proceedings. Besides filling out a "boilerplate" Answer, corresponding a few times with opposing counsel, and attending an initial scheduling conference, Respondent made little effort to complete the work for which she was retained. She failed to respond to both her client's and opposing counsel's multiple attempts to reach her during the discovery process. As of the date of the hearing on this matter, she has yet to refund any portion of the $3,000 retainer Mr. Foster paid. Respondent's conduct violates Rule 1.5(a) (Fees).

### Rule 1.15 – Safekeeping Property

Rule 1.15(c) provides:

> (c) An attorney shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the attorney only as fees are earned or expenses incurred.

Respondent violated Rule 1.15(c) (Safekeeping Property) when she deposited the $3,000 retainer Mr. Foster paid her to represent him in his divorce proceedings in an account other than her IOLTA. *See Attorney Grievance Comm'n v. King*, 491 Md. 485, 505 (2025) (finding a violation of Rule 1.15(c) for failing to maintain unearned portions of retainer fee in an attorney trust account).

### Rule 1.16 – Declining or Terminating Representation

Rule 1.16(d) provides:

(d) Upon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another attorney, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The attorney may retain papers relating to the client to the extent permitted by other law.

Respondent violated Rule 1.16(d) when she failed to acknowledge Mr. Foster's termination of her services and take the appropriate steps following the termination. Upon termination, she also made no attempts to provide Mr. Foster and his new lawyer, David Mahood, the records to which her former client was entitled and to facilitate a smooth transition from herself to Mr. Mahood. Finally, despite making only minimal progress on Mr. Foster's case, Respondent never refunded any portion of the $3,000 retainer he paid her. *See Attorney Grievance Comm'n v. Davis*, 486 Md. 116, 138 (2023) (concluding that an attorney violated Rule 1.16(d) when he abandoned his client and failed to return unearned portion of retainer fee).

### *Rule 8.1 – Bar Admission and Disciplinary Matters*

Rule 8.1 provides:

An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:

…

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in

11

the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 19-301.6 (1.6).

Respondent violated Rule 8.1(b) when she failed to cooperate with or respond to the Commission's investigation into her representation of Mr. Foster. Despite being properly served and Bar Counsel's numerous attempts to contact her at her known physical addresses, phone numbers, and email addresses, Respondent did not acknowledge or answer the Commission's request for information. As a result of Respondent's failure to respond, the Hearing Judge entered a default judgment and conducted an *ex parte* hearing. Respondent's actions constitute a knowing failure "to respond to a lawful demand for information from an admissions or disciplinary authority," thereby violating Rule 8.1(b). *See Attorney Grievance Comm'n v. De La Paz*, 418 Md. 534, 555–56 (2011) (finding a violation of Rule 8.1(b) for failing to respond or cooperate with Bar Counsel after receiving adequate notice); *Attorney Grievance Comm'n v. Briscoe*, 357 Md. 554, 564–65 (2000) (same).

### *Rule 8.4 – Misconduct*

Rule 8.4 (a) and (d) provide:

It is professional misconduct for an attorney to:

> (a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

*     *     *

> (e) engage in conduct that is prejudicial to the administration
> of justice[.]

By violating Rules 1.1, 1.3, 1.4, 1.5(a), 1.15(c), 1.16(d) and 8.1(b), Respondent violated Rule 8.4(a). *See Attorney Grievance Comm'n v. Framm*, 449 Md. 620, 664 (2016) (citation modified) ("We have held that, when an attorney violates a rule of professional conduct, the attorney also violates M[A]RPC 8.4(a).").

Moreover, Respondent's consistent unresponsiveness during Mr. Foster's divorce proceedings and the Commission's investigation, her choice to deposit the retainer her client paid her in an account other than her IOLTA, her failure to meet her discovery obligations, her unwillingness to refund the unearned retainer fee, and her ultimate abandonment of her client are "prejudicial to the administration of justice" and thus violate Rule 8.4(d). *See Attorney Grievance Comm'n v. Agbaje*, 438 Md. 695, 717 (2014) (citation omitted) ("Conduct which is likely to impair public confidence in the profession, impact the image of the legal profession and engender disrespect for the court is conduct prejudicial to the administration of justice.").

## IV.

### SANCTION

The primary purpose of attorney discipline in Maryland is to "protect the public, to deter other lawyers from engaging in violations of the [MARPC], and to maintain the integrity of the legal profession." *Attorney Grievance Comm'n v. Shryock*, 408 Md. 105, 126 (2009) (citation omitted). In line with this principle, this Court imposes sanctions that

are "commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance Comm'n v. Awuah*, 374 Md. 505, 526 (2003) (citation omitted).

In the course of an attorney grievance matter, the circuit court may consider the existence of aggravating and mitigating factors. The following aggravating factors should be considered in an attorney disciplinary proceeding:

> (1) prior attorney discipline; (2) a dishonest or selfish motive; (3) a pattern of misconduct; (4) multiple violations of the M[A]RPC; (5) bad faith obstruction of the attorney discipline proceeding by intentionally failing to comply with the Maryland Rules or orders of this Court []; (6) submission of false evidence, false statements, or other deceptive practices during the attorney discipline proceeding; (7) a refusal to acknowledge the misconduct's wrongful nature; (8) the victim's vulnerability; (9) substantial experience in the practice of law; (10) indifference to making restitution or rectifying the misconduct's consequences; (11) illegal conduct, including that involving the use of controlled substances; and (12) likelihood of repetition of the misconduct.

*Attorney Grievance Commission v. Shuler*, 443 Md. 494, 506–07 (2015) (alterations in original omitted). Petitioner has the burden of proving aggravating factors by clear and convincing evidence. Md. Rule 19-727(c).

Petitioner alleged the following aggravating factors: dishonest or selfish motive, multiple violations of the rules of professional conduct, bad faith obstruction of the discipline proceeding, substantial experience in the practice of law, indifference to making restitution or rectifying the misconduct's consequences, and likelihood of repetition of misconduct.

We agree with the Hearing Judge's determination that Petitioner established the existence of these aggravating factors through clear and convincing evidence. Respondent

14

displayed dishonest and selfish behavior when she deposited the retainer payment in an account other than her IOLTA, abandoned her client for months, failed to acknowledge the termination of her services, and failed to refund the retainer he paid her. And, as detailed above, her conduct during Mr. Foster's divorce proceedings and the subsequent investigation into her actions constituted multiple violations of the rules of professional conduct. Relatedly, her lack of cooperation and forthcomingness during the grievance process amounts to a bad-faith obstruction of the disciplinary process. Moreover, given that Respondent has been a licensed attorney for over 30 years, she has substantial experience in the practice of law. In addition, the fact that she did not acknowledge Mr. Foster's termination of her services or refund him any portion of his $3,000 retainer fee evinces an indifference to making restitution or rectifying the misconduct's consequences. Finally, her continued absence for the duration of this grievance process indicates a likelihood of repetition of such misconduct.

This Court also considers certain mitigating factors when determining the appropriate sanctions to impose in a grievance case. The following is a list of possible mitigating factors:

> [A]bsence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.

*Attorney Grievance Commission v. Hodes*, 441 Md. 136, 209 (2014) (citation omitted).

15

The Hearing Judge did not find the presence of any mitigating factors. Bar Counsel notes that Respondent does not have any prior disciplinary history.

Considering Respondent's conduct during Mr. Foster's divorce proceedings and Bar Counsel's investigation, the appropriate sanction here is disbarment. As Petitioner observes, "[t]his Court has disbarred attorneys who have engaged in similar conduct" as Respondent. In *De La Paz*, we disbarred an attorney who never made an appearance in the litigation for which he was retained, failed to adequately represent and communicate with his client during the litigation, and failed to return the unearned portion of the fee his client paid him. *De La Paz*, 418 Md. at 558. Similarly, in *Attorney Grievance Commission v. Fox*, 417 Md. 504 (2010), we disbarred an attorney who abandoned his clients, made a misrepresentation, and did not cooperate with Bar Counsel in the grievance process. *Id.* at 544–45. In *Attorney Grievance Commission v. Yeatman*, 489 Md. 211 (2024), we disbarred an attorney who abandoned his clients, failed to respond to Bar Counsel's request for information, and had several aggravating factors found against him. *Id.* at 241.

Here, Respondent's lack of communication with her client, her complete abandonment of his case for four months, her lack of acknowledgment of his termination of services, her unwillingness to refund the unearned portion of the fee she was paid, and her total absence during Petitioner's investigation merits disbarment.

## V.

### CONCLUSION

For the reasons discussed above, we conclude that Respondent violated Rules 1.1 (Competence), 1.3 (Diligence), 1.4 (Communication), 1.5(a) (Fees), 1.15(c) (Safekeeping

16

Property), 1.16(d) (Declining or Terminating Representation), 8.1(b) (Bar Admission and Disciplinary Matters), and 8.4(a) and (d) (Misconduct), and order that Respondent be disbarred.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709 FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JUDITH MARIE HAMILTON.**